IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUZANNE D. COYNE and
ROBERT J. COYNE, SR.,
    Plaintiffs,

vs.                                                          Case No. 15-cv-54 SCY/KK

LOS ALAMOS NATIONAL SECURITY, LLC,
NICHOLAS DEGIDIO, and GAIL MCGUIRE,
    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiffs' Wrongful Discharge and Retaliation Claims. *Doc. 7*. In this Motion, Defendants argue that the Court should dismiss Count IV (a New Mexico state law retaliation claim) and Count VII (a New Mexico state law wrongful termination claim) of Plaintiffs' complaint. Plaintiffs oppose the motion. *Doc. 15*. Having considered the briefing, including Defendants' reply (*doc. 16*), and being otherwise fully advised, the Court grants Defendants' Motion with respect to Count IV as asserted against the individual Defendants and Count VII. The Court denies the Motion with respect to Count IV as asserted against Defendant Los Alamos National Security, LLC.

    **I.**    **Background**

For the purposes of ruling on the present Motion, the Court accepts the following allegations from the complaint as true. Plaintiff Suzanne Coyne began working for Defendant Los Alamos National Security, LLC ("LANS") in 2003. *Doc. 1*, Ex. A ¶ 9. In December 2011, one of her co-workers, Jackie Little, entered her office "advanced on Ms. Coyne backing her against her desk and started screaming at her . . . raised her arms and began jabbing her fingers close to Ms. Coyne's face while continuing to scream at her." *Id.* ¶ 12. Ms. Coyne immediately

reported this incident to the Human Resources Department and to her supervisor, Defendant Gail McGuire. *Id.* ¶¶ 13-15. Defendant McGuire, however, did not take any action to address Ms. Coyne's concerns about Ms. Little. *Id.* ¶ 20. In January 2012, Ms. Coyne sought medical treatment for her workplace induced anxiety and eventually took time off work under the Family Medical Leave Act ("FMLA"). *Id.* ¶¶ 28-29. When she returned to work in February 2012, Defendant McGuire and Defendant Nicholas Degidio informed her that she was being removed from her prior position and transferred to a new office. *Id.* ¶¶ 34-35. Later, in March 2013, Ms. Coyne was fired. *Id.* ¶ 58.

On December 11, 2014, Ms. Coyne and her husband brought suit against Defendants for their alleged mistreatment of Ms. Coyne as an employee. Plaintiffs' complaint contains nine counts: breach of contract (asserted only against Defendant LANS), breach of the implied covenant of good faith and fair dealing (asserted only against Defendant LANS), an FMLA claim, a state law retaliation claim (asserted against Defendant LANS and Defendants Degidio and McGuire), an all-purpose negligence claim, a tortious interference with contract claim (asserted only against the individual Defendants), a state law wrongful termination claim (asserted against Defendant LANS and Defendants Degidio and McGuire), an intentional infliction of emotional distress claim, and an assault claim (which has since been voluntarily withdrawn). *See generally id.*

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court has articulated a two-step approach for district courts to use when considering a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court must identify the adequately

pleaded factual allegations contained in the complaint, disregarding any unsupported legal conclusions in the process. *Id.* at 678. While a complaint need not include detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Next, having identified the adequately pleaded facts, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Stated concisely, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. In making this determination, the court views the complaint in the light most favorable to the plaintiff. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

### III. Nature of Plaintiffs' Claim

Defendants have moved to dismiss Count IV (state law retaliation) and Count VII (state law wrongful termination) of Plaintiffs' complaint. Defendants construe these Counts as asserting the same claim: a New Mexico common-law retaliatory discharge claim. *Doc. 7* at 3-4. Plaintiffs agree that Count IV "addresses retaliatory discharge," but contend that Count VII "addresses wrongful discharge in violation of [Plaintiff's] implied contract." *Doc. 15* at 8. Defendants reject this interpretation of Count VII, which does not mention the existence of an implied contract. *Doc. 16* at 3. The Court need not resolve this dispute. However Count VII is interpreted, it is redundant. If it is a tort claim for wrongful discharge it is duplicative of Count IV. If it is a claim for breach of contract, it is duplicative of Count I (breach of contract) as asserted against Defendant LANS and either clearly invalid or duplicative of Count VI (tortious interference with the employment contract) as asserted against the individual Defendants. *See Kreischer v. Armijo*, 1994-NMCA-118, ¶¶ 4-5, 118 N.M. 671 (in general, a corporate agent cannot be held personally liable for breach of a contract formed with the corporation). The Court

will, therefore, dismiss Count VII as superfluous and will consider the merits of Plaintiffs' retaliatory discharge claim (Count IV) below.

### IV. Retaliatory Discharge – Individual Defendants

The New Mexico Supreme Court has severely limited a plaintiff's right to bring a retaliatory discharge claim against an individual co-worker or supervisor who is not that plaintiff's employer. *See Bourgeous v. Horizon Healthcare Corp.*, 994-NMSC-038, ¶ 11, 117 N.M. 434 (reasoning that only an employer can discharge and be liable for discharging an employee). Unless there is evidence in the record that an individual non-employer has acted outside the course and scope of his or her employment, that non-employer agent, supervisor, or co-employee cannot be held liable for retaliatory discharge. *Id.* ¶¶ *11-12*; *see also Saavedra v. Lowe's Home Ctrs.*, 748 F. Supp. 2d 1273 (D.N.M. 2010).

Here, Defendant LANS employed Plaintiff, not Defendant McGuire or Defendant Degidio. Furthermore, Plaintiffs have not alleged that Defendants McGuire and Degidio acted solely in their own interest, outside the scope of their employment, when they interacted with Plaintiff. Thus, Plaintiffs' retaliatory discharge claim fails as a matter of law insofar as it is asserted against Defendants McGuire and Degidio. *See Bourgeous*, 994-NMSC-038, ¶ 11. None of the cases cited by Plaintiffs undermine this result, as they are all cases where customers – not employees – brought tort claims against corporate officers or agents. *See*, *e.g.*, *Stinson v. Berry*, 1997-NMCA-076, 123 N.M. 482. These cases recognize that a corporate agent is not *usually* immune from liability for on-the-job tortious conduct. *Id.* ¶ 18 ("[I]f corporate directors engage in tortious conduct, even though acting within the scope of their corporate duties, they can be personally liable for the injuries suffered as a result of that conduct."). As the New Mexico Court of Appeals has explained, however, the bar on maintaining a retaliatory discharge claim against

4

an individual supervisor is a limited exception to the general rule that employees are liable for directing, controlling, or participating in the tortious behavior of the employer. *Id.* ¶ 19 (while individuals acting in the course of their employment may generally be held liable in tort, "only [a] corporation, as employer, [can] be liable for a wrongful termination"). In other words, *Bourgeous* remains good law and the Court must dismiss Plaintiffs' attempt to hold the individual Defendants liable for wrongfully terminating Ms. Coyne.

### V. Retaliatory Discharge – Corporate Defendant

Defendants further contend that Plaintiffs' retaliatory discharge claim is legally deficient because Plaintiffs have not alleged that Ms. Coyne was an at-will employee. As Defendants emphasize, the New Mexico tort of retaliatory discharge is a judicially-created exception to the general rule that at-will employees may be terminated at any time, for any reason. *Silva v. Am. Fedn. of State, County & Municipal Emples.*, 2001-NMSC-038, ¶10, 131 N.M. 364. Given this genesis, retaliatory discharge claims are only available to at-will, and not contract, employees. *Id.* ¶ 12. Thus, a plaintiff may not prevail on both a breach of implied contract claim and retaliatory discharge claim. *Silva v. Albuquerque Assembly & Distrib. Freeport Warehouse Corp.*, 1987-NMSC-045, ¶ 12, 106 N.M. 19 (finding that the trial court properly instructed the jury that they could return a verdict for breach of an implied contract or retaliatory discharge, but not both). Rather, retaliatory discharge claims are considered "'unnecessary and inapplicable' when the employee is protected from wrongful discharge by an employment contract." *Silva*, 2001-NMSC-038, ¶10.

While Plaintiffs recognize this fact, they contend that the Court should not dismiss their retaliatory discharge claim as there is a question of fact whether Ms. Coyne was an at-will

5

Case 1:15-cv-00054-SCY-KBM Document 24 Filed 04/20/15 Page 6 of 6

employee of LANS.[1] The Court agrees. At this point, the Court cannot conclude that LANS' employment manual and procedures gave rise to an implied employment contract. Thus, at this stage in the proceedings, Ms. Coyne's employment status remains an open question.[2] In such a case, nothing prevents the plaintiff from proceeding on both tort and contract claims. *Boudar v. E.G. & G., Inc.*, 1987-NMSC-077, ¶ 17, 106 N.M. 279 ("The record before us provides ample justification for the trial court to have submitted to the jury both the issue of breach of employment contract and the issue of retaliatory discharge.").

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Motion to Dismiss Plaintiffs' Wrongful Discharge and Retaliation Claims (*doc. 7*) is GRANTED in part and DENIED in part as follows:

    a. Count VII of the complaint is dismissed with prejudice.

    b. Count IV of the complaint is dismissed with prejudice as asserted against the individual Defendants.

    c. Count IV of the complaint is left intact as it pertains to LANS;

2. Plaintiffs' remaining claims may proceed through discovery.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs maintain that Ms. Coyne must be considered an at-will employee unless she held a "fully integrated written employment contract for a definite period." *Doc. 15* at 7. The case Plaintiffs cite – *Melnick v. State Farm Mut. Auto. Ins. Co.*, 1988-NMSC-012, 106 N.M. 726 – does not support this definition. Thus, the Court does not adopt Plaintiffs' reading of who should be considered an at-will employee entitled to assert a retaliatory discharge claim.

[2] Defendants argue that no dispute exists about Ms. Coyne's employment status because Plaintiffs do not advocate that Ms. Coyne was an at-will employee and Defendants do not "contend that [she] was terminable at will." *Doc. 16* at 6. But, Defendants have not offered to stipulate that they had an implied (or express) employment contract with Plaintiff. In the absence of such an explicit agreement, the Court will not prematurely foreclose Plaintiffs' ability to pursue a retaliatory discharge claim as an alternative to their breach of contract claim.