IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUZANNE D. COYNE and
ROBERT J. COYNE, SR.,

      Plaintiffs,

v.                                                                             CIV 15-0054 SCY/KBM

LOS ALAMOS NATIONAL SECURITY, LLC,
NICHOLAS DEGIDIO, and GAIL MCGUIRE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Suzanne Coyne's Motion to Compel Responses to Discovery (*Doc. 52*) filed on January 19, 2016. Having considered the Motion, Defendants' Response (*Doc. 56*) and Plaintiff's Reply (*Doc. 58*), the Court finds the motion well taken in part.

**I.    BACKGROUND**

In her Complaint, Plaintiff Suzanne Coyne indicates that she worked for Defendant Los Alamos National Security, LLC ("LANS") until she was terminated in March, 2013. *Doc. 1-2* at 14. Plaintiff alleges that prior to the termination, she was accosted by a co-worker, Jackie Little, and maintains that neither of her immediate supervisors, Defendants Degidio or McGuire, took any action in response to this incident. *Id.* at 4-5. Plaintiff also alleges she was encouraged by a medical provider to take leave under the Family Medical Leave Act ("FMLA"), and, upon return to work, she was berated for her choice to take leave as a result of the alleged assault. *Id.* at 8. Plaintiff asserts that she was then subjected to mistreatment by her supervisors and

1

was eventually terminated under a newly revised Reduction-in-Force policy. *Id.* at 14. Because of these events, Plaintiff brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, willful interference and retaliation, negligence, tortious interference, wrongful termination, intentional infliction of emotional distress and assault. *Id.* at 14-23.[1]

Plaintiff propounded written discovery on Defendants, including interrogatories. *See Docs. 52-1, 52-2, 52-3*. Defendants informally raised a counting objection as to certain interrogatories, and the parties were unable to resolve their dispute. *See Docs. 52-4, 52-5, 52-7*. Ultimately, Defendant LANS served answers to Plaintiff's interrogatories, raising counting objections as to Plaintiff's interrogatory numbers 2, 3, 7, 8, 9, 10, 11, 12, 18 and 24, and answering only interrogatory numbers 1-8(a), which represent the first 25 interrogatories proffered by its count. *Doc. 52-1*.[2] As to the remainder of the interrogatories, LANS objected that it had answered a total of 25 interrogatories and stated:

> In an effort to address the issue of Plaintiff having exceeded 25 interrogatories, counsel for LANS wrote to Plaintiff's counsel on October 7, 2015 to explain the problem and to request that Plaintiff revise the interrogatories to ensure they do not exceed the limit. Plaintiff's counsel responded on October 8, 2015, stated that he disagreed with LANS' position and would not revise or retract any interrogatories. Therefore, LANS' effort to resolve this issue prior to serving objections and responses was not successful.

*Doc. 52-1* at 15-40; *see also Docs. 52-4* and *52-5* (referenced correspondence). In addition to its counting objections, Defendant LANS raised other objections to Plaintiffs' interrogatories numbers 1, 13, 15, 20, 21, 22, 23 and 24. *Id.*

---

[1] Plaintiff Robert Coyne also brings a claim for loss of consortium. *Id.*

[2] In this case the parties are limited to propounding 25 interrogatories to another party. *Docs. 26, 33*.

Defendants Degidio and McGuire answered all of the interrogatories that were served to them. However, Defendant Degidio raised counting objections as to Plaintiff's interrogatories numbers 1, 2, 3 and 5 to him, *Doc. 52-2*, and Defendant McGuire also raised counting objections as to Plaintiff's interrogatories numbers 1, 2, 3, 4 and 5 to her. *Doc. 52-3*.

After Defendants' answers were served, the parties informally discussed the counting objections and LANS' objection to Interrogatory number 1 to it, but were unable to come to a resolution. *Doc. 52-7*. Plaintiff accordingly seeks an order compelling Defendant LANS to answer all of the interrogatories served on it, resolving the counting objections raised in Defendants Degidio and McGuire's answers, and resolving the other objections raised by Defendant LANS' answers and objections.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Federal Rule of Civil Procedure 33 permits a party to submit interrogatories that "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). There is a numerical limitation on interrogatories, including "all discrete

subparts." Fed. R. Civ. P. 33(a)(1).[3] Any objections to interrogatories must be "stated with specificity." Fed. R. Civ. P. 33(b)(4). A party may move to compel an answer to an interrogatory submitted under Rule 33 if good faith attempts to secure the answer are unsuccessful. *See* Fed. R. Civ. P. 37.

### III. ANALYSIS

#### A. Defendant LANS' Counting Objections

Plaintiff argues that Defendant LANS waived its counting objection by answering interrogatory numbers 1-8(a). *Doc. 52* at 6. Defendant responds that a party only waives an objection to excess interrogatories when it answers interrogatories beyond the first 25. *Doc. 56* at 2. Alternatively, Defendant argues that it would be inequitable to deem its counting objection waived because it did not selectively answer some interrogatories but, instead, "answered the first twenty-five interrogatories and objected to the more than thirty interrogatories that followed, based on its good-faith count of the interrogatories and discrete subparts – and only after first alerting Plaintiff to the problem before Defendant's answers were due." *Id.* at 3.

Plaintiff relies on *Allahverdi v. Regents of Univ. of New Mexico*, 228 F.R.D. 696 (D.N.M. 2005). In *Allahverdi*, Judge Browning stated:

---

[3] The term "discrete subparts" is not defined in Rule 33 itself or in the Local Rules for the District of New Mexico. However, the 1993 advisory committee note to Rule 33 explains that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present and contents be stated separately for each such communication." Fed. R. Civ. P. 33, advisory committee notes. Thus, "an interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question. On the other hand, an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory." *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664-65 (D. Kan. 2004) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2168.1 at 261 (2d ed.1994)).

> [w]hen a party believes that another party has asked too many interrogatories, the party to which the discovery has be (sic) propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection.

*Id.* at 698. This Court has followed the same reasoning. *See Martinez v. Dept. of Public Safety*, CIV 11-0553 JCH/KBM, Doc. 33 (D.N.M. 2012) ("Plaintiff waived any objection to the number of interrogatories and/or requests for production by unilaterally selecting those to which he would respond.") (citing *Allahverdi*). In *Martinez* the plaintiff did the same thing that Defendant LANS has here, unilaterally assessed the number of interrogatories propounded and then stopped answering after he reached 25.

The Court finds that Defendant LANS has waived its counting objections. Defendant was free to move for a protective order regarding the number of interrogatories prior to answering them, or to object to all of the interrogatories. Either mechanism would have permitted the Court to resolve the counting objections in the first instance and permitted it to determine the interrogatories Defendant was required to answer, if it concluded that the proffered interrogatories exceeded the 25-interrogatory limitation.

Instead, Defendant took it upon itself to determine which of the interrogatories to which it would respond, leaving the Court without any means by which to effectively mediate this dispute. Thus, while the Court agrees that the interrogatories and discrete subparts propounded by Plaintiff exceed the limit in this case, Defendant has waived its counting arguments. LANS will be ordered to fully answer each interrogatory in Plaintiff's First Set of discovery requests unless another meritorious objection is found as set forth later in this opinion.

### B. Defendants Degidio and McGuire's Counting Objections

Plaintiff acknowledges that Defendants Degidio and McGuire responded to all of her interrogatories to them, but asks the Court to rule on their counting objections "to avoid objections to any future Interrogatories that may be propounded to" them. *Doc. 52* at 3. The Court finds it unnecessary to resolve these objections at this time. As with Defendant LANS, the individual Defendants' decision to answer the interrogatories waives any objection as to the number propounded. If in the future these Defendants are served with additional interrogatories that they believe exceed the 25 interrogatory limit, they may move for a protective order or object to all of the interrogatories as noted above, assuming that the parties are unable to informally resolve any such disagreement.

### C. Other Objections Raised by LANS

In addition to the counting objections, LANS raised the following specific objections to the interrogatories propounded by Plaintiff.

**Interrogatory No. 1**

Plaintiff asks Defendant LANS to identify the individuals who answered the interrogatories on its behalf. *Doc. 52-1* at 1. Defendant objected to this interrogatory on the ground that it is a corporate entity. *Id.* at 2. This objection is invalid, as interrogatories must be answered either by the party to whom they are directed or, "if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent" thereof. Fed. R. Civ. P. 33(b)(1). Defendant appears to acknowledge this in its response, stating that it agrees to supplement its answer by providing the names of the employees who provided the

6

information underlying its answer. *Doc. 56* at 18. Plaintiff accepts this response. *Doc. 58* at 6. Therefore, Defendant will be required to supplement its answer to interrogatory number 1 as stated in its response.

### Interrogatory No. 13

Plaintiff asks Defendant LANS to identify "every term, condition, policy or procedure governing the employment relationship" between her and it. *Doc. 52-1* at 23. Defendant objected to this interrogatory on the grounds that it calls for a legal conclusion and is overly broad and burdensome. *Id.* at 24. However, in its Response Defendant agrees to supplement the answer by stating that its policy regarding discipline is contractual, and it further notes that other policies provide expectations and guidance for employees. *Doc. 56* at 19. Still, Defendant states that it would be unfairly burdensome for it to find and identify every policy (including multiple revisions) that was in effect during Plaintiff's employment. *Id.* Given Defendant's acknowledgment that other policies are relevant to the employment relationship, the Court finds that the requested information is within the scope of discovery. Accordingly, Defendant's objection is overruled.

### Interrogatory No. 15

Plaintiff asks Defendant LANS to describe in detail any employment opportunities for which she qualified after her termination and for a description of Defendant's efforts to notify her of such opportunities. *Doc. 52-1* at 25. Defendant objected to this interrogatory on the ground that "it incorrectly presumes that LANS had any duty or obligation" to make Plaintiff aware of such opportunities. *Id.* at 26. Nevertheless, Defendant LANS states that it has identified 1,663 job opportunities that Plaintiff may

7

have been eligible for which were made available to external applicants since Plaintiff's termination. *Doc. 56* at 20. Plaintiff's Reply accepts these representations. *Doc. 58* at 6. Therefore, the Court will require Defendant to supplement its answer to the interrogatory as set forth in its response.

### Interrogatory No. 20

Plaintiff seeks information regarding any employment-related lawsuit filed against Defendant LANS for the previous ten years. *Doc. 52-1* at 32-33. Plaintiff asserts that she is entitled to this discovery because complaints by other LANS employees that are similar to her claims are relevant to determining Defendant's intent. *Doc. 52* at 21. Defendant objected to this interrogatory on the grounds that it seeks information that is irrelevant and outside the scope of discovery, that it is harassing and unduly burdensome, and that the information sought is publically available through court records. *Doc. 52-1* at 34. Defendant's Response stands by its objection. *Doc. 56* at 20. The Court sustains these objections in part.

The question is overly-broad on its face, as not all employment-related lawsuits filed against Defendant will necessarily mirror the claims asserted by Plaintiff. While it is well settled that a defendant's prior instances of similar conduct are relevant to a claim for punitive damages, *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 and 577 (1996), to be relevant a defendant's prior conduct must bear a relationship to the harm allegedly suffered by the plaintiffs in the case at bar. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003) ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages.").

Plaintiff's motion to compel narrows the interrogatory's scope and clarifies that it seeks information concerning employment actions filed against Defendant that are similar to those claims asserted in this lawsuit, namely, "failure to follow laboratory procedures concerning reports of workplace violence, harassment for taking FMLA leave or for reporting violations of procedures, wrongful termination through reduction in force, failure to deploy, and inappropriate deployment." *Doc. 52* at 21. The Court finds, however, that the more narrowed scope of this inquiry must be further tailored to assure relevancy with Plaintiff's claims. *See Doc. 1-2* at 18-22. LANS must provide the requested information for lawsuits against it for alleged failure to follow laboratory procedures concerning reports of workplace violence, and adverse employment actions or harassment for taking FMLA leave or for reporting such reporting violations of workplace violence policy or procedures.

Defendant does not indicate how answering the interrogatory would be overly burdensome, which is clearly anticipated by the amendments to the Federal Rules of Procedure effective December 1, 2015. At most, Defendant argues that "information about all civil actions filed against LANS can be obtained by running basic searches on www.nmcourts.gov and PACER." *Id.* However, as Plaintiff points out, information concerning the lawsuits filed against Defendant is more readily accessible to it and its in-house counsel. Therefore, the Court directs Defendant to answer the interrogatory as narrowed by the Court.

### **Interrogatory No. 21**

Plaintiff asks Defendant LANS to identify the benefits to which she would have been entitled had she not been terminated and had she remained in the same job

9

position, as well as the amount Defendant "would have paid to provide each type of benefit." *Doc. 52-1* at 34. Defendant objects that the interrogatory calls for speculation, *id.* at 35, and furthermore argues that Plaintiff is already in possession of information about the benefits she was receiving at the time of her termination. *Doc. 56* at 22. Nonetheless, the Court agrees with Plaintiff that "LANS should be required to identify the benefits that it concedes Plaintiff was receiving at the time of her termination, as well as the amount of such benefits being contributed by LANS." *Doc. 58* at 7.

### Interrogatory No. 22

Plaintiff asks Defendant LANS to identify and describe all considerations and criteria it utilizes to determine the payment of bonuses from 2006 through the present. *Doc. 52-1* at 35. Defendant objects that the information sought is outside the scope of discovery, it seeks business sensitive proprietary information, and it is harassing and unduly burdensome. *Id.* at 36-37. However, Defendant now maintains that it has no bonus program for its employees. *Doc. 56* at 22. Defendant is directed to supplement its previous answer to the interrogatory accordingly.

### Interrogatory Nos. 23 and 24

Plaintiff requests information about the revision of the Reduction-in-Force policy use to terminate her and its application to other regular employees, term employees and contractors after she was terminated. *Doc. 52-1* at 37-38. Defendant LANS objects that the information sought is outside the scope of discovery and that some of it is protected by attorney-client or work-product privilege. *Id.* at 38. Plaintiff does not challenge Defendant's assertion of the attorney-client privilege, but asserts the information is relevant because the policy was revised "mere weeks" before it was applied to her after

the Defendants were unable to force her to quit. *Docs. 52* at 23; *58* at 7-8. The Court finds that the temporal proximity between the policy's revision and Plaintiff's termination makes the revision relevant to Plaintiff's claims, as is how the policy was implemented after her termination. Therefore, this information must be disclosed.

### D.  Other Discovery Issues

Plaintiff raises two other issues which the parties appear to be resolving informally. *Doc. 52* at 24; *Doc. 56* at 23. Accordingly, the Court will not address these issues at this time.

### E.  Attorney's Fees for Motion to Compel

Plaintiff has requested an award of attorney's fees and costs associated with bringing her Motion. *Doc. 52* at 24. Federal Rule of Civil Procedure 37(a)(5) provides that when a motion to compel is granted, the Court must award the prevailing party its reasonable expenses, including attorney's fees, unless one of three exceptions apply. Fed. R. Civ. P. 37(a)(5)(A). Those exceptions include (1) the filing of a motion to compel prior to attempting in good faith to obtain the discovery without court action, (2) if the objection was substantially justified, or (3) other circumstances that make an award of expenses unjust. *Id.* While the Court grants the majority of the relief requested in Plaintiff's Motion, it finds that the first two exceptions apply to some degree and so will deny Plaintiff's request for attorney's fees and costs.

First, while the parties attempted to confer in good faith about the counting objections raised by Defendants, only one of LANS's substantive objections was raised prior to the filing of Plaintiff's Motion. *See Doc. 52-7.* As noted above, many of the non-counting objections raised by Defendant LANS were significantly narrowed in the

parties' briefing, indicating that the parties could have resolved the issues brought in Plaintiff's Motion without the need for court intervention. Second, while the Court concludes that the counting objections were waived, Defendants were still justified in raising them as many of Plaintiff's interrogatories do include multiple discrete subparts. Similarly, Plaintiff's briefing narrowed many of the requests that Defendant objected to, indicating that the objections were at least partially justified. Under these circumstances, the Court finds that an award of attorney's fees and costs is unwarranted.

**Wherefore,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (*Doc. 52*) is granted in part. Within fourteen (14) days of this Order, Defendant LANS must:

(1) provide answers to all of the Plaintiff's interrogatories to which it raised a counting objection and elected not to respond except as limited below;

(2) supplement its answer to Interrogatory number 1 as set forth in its response;

(3) fully answer Plaintiff's Interrogatory numbers 13, 15, and 22; and,

(4) answer Plaintiff's Interrogatory numbers 20, 21, 23 and 24 as narrowed herein.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE