IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUZANNE D. COYNE and
ROBERT J. COYNE, SR.,

    Plaintiffs,

v.                                            Civ. No. 15-54 SCY/KBM

LOS ALAMOS NATIONAL SECURITY, LLC,
NICHOLAS DEGIDIO, and GAIL MCGUIRE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' Motion to Amend their Answer to Plaintiff's complaint, filed February 10, 2016. ECF No. 60. The Court, having reviewed the motion and briefing, the arguments of counsel, the applicable law, and otherwise being fully advised, concludes that the motion is well-taken and shall be **granted**. Accordingly, Defendants are allowed to file an amended answer identical to the one submitted with their motion to amend. The amended answer shall be filed with the Court as a separate docket entry no later than July 5, 2016.

**A. Background**

On December 11, 2014, Plaintiffs initiated this lawsuit in state district court asserting a number of state claims as well as Family Medical Leave Act (FMLA) violations against Plaintiff Suzanne Coyne's former employer, Defendant Los Alamos National Security LLC ("LANS"), and her former coworkers, Defendants Nicholas Degidio and Gail McGuire.[1] ECF No. 1-2. Defendants removed the case to federal court on January 20, 2015, on the basis of federal

---

[1] The other Defendant initially named in the complaint, Jackie Little, was subsequently voluntarily dismissed from this suit by Plaintiffs. *See* ECF No. 22.

question jurisdiction. ECF No. 1. Defendants subsequently filed an answer to the complaint on March 9, 2015. ECF No. 9. Defendants also moved to dismiss some of Plaintiffs' claims, which the Court granted in part and denied in part on April 20, 2015. ECF No. 24.

On June 23, 2015, the Court held a Rule 16 initial scheduling conference in this matter and entered a scheduling order. ECF No. 32. At that time, the Court also adopted the joint status report submitted by the parties, wherein the parties agreed that they would be allowed a period of thirty days from the entry of the scheduling order – specifically, until July 23, 2015 – to join additional parties and to amend their pleadings. *See* ECF Nos. 33 and 26.

On February 10, 2016, Defendants filed the present motion seeking leave to amend their answer by adding an affirmative defense based on the after-acquired evidence doctrine. ECF No. 60. Specifically, Defendants seek to add the following language to their answer:

> Eighteenth Affirmative Defense: Plaintiffs' causes of action and/or claims for damages are barred pursuant to the after-acquired evidence doctrine due to Plaintiff Suzanne Coyne's misconduct while employed by Defendant LANS, which misconduct was unknown to LANS during Ms. Coyne's employment, but, had it been known, would have resulted in the termination of Ms. Coyne's employment.

ECF No. 60-1 (Proposed Amended Answer). Defendants argue that good cause exists for the amendment, that the amendment serves the interests of justice, and that there will be no prejudice to Plaintiffs if the amendment is permitted. Defs. Mot. at 7-8; Defs. Reply at 2-3. Plaintiffs oppose the motion, arguing that the amendment would be futile, that there has been undue delay by Defendants in seeking to amend their answer, and that Plaintiffs will suffer undue prejudice if the amendment is allowed. *See* Pls. Resp. at 1.

**B.  Standard of Review**

The time has elapsed for Defendants to be able to amend their answer as a "matter of course." *See* Fed. R. Civ. P. 15(a)(1) (providing that a party may amend its pleading once as a

matter of course "within 21 days after service of a responsive pleading"). Therefore, under Federal Rule of Civil Procedure 15(a), Defendants may amend their answer "only by leave of court or by written consent of the adverse party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The rule specifies that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has indicated that absent an apparent reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment," leave should be freely given to amend. *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In addition to the standard under Rule 15(a), the Court must also consider Rule 16 of the Federal Rules of Civil Procedure because Defendants filed their motion to amend several months after the deadline set forth in the Court's scheduling order for such amendments. Rule 16 provides that "a scheduling order may be modified only for good cause and with the judge's consent." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Although previously unsettled law, the Tenth Circuit recently held that "parties seeking to amend [. . .] after a scheduling order deadline must establish good cause for doing so." *Id.* at 1241. Thus, in sum, "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch*, 771 F.3d at 1240. The Court may deny Defendants' motion for leave to amend if they fail to satisfy either of these factors. *Id.* at 1241.

**C. Analysis**

In *McKennon v. Nashville Banner Publishing Co.,* the United States Supreme Court recognized the after-acquired evidence doctrine in connection with a claim under the Age Discrimination in Employment Act ("ADEA"). 513 U.S. 352 (1995). There, the Supreme Court held that an employee discharged in violation of the ADEA is not barred from all relief when, after the discharge, the employer discovers evidence of wrongdoing, which would have led to the employee's termination on lawful and legitimate grounds. *Id.* at 360 (explicitly rejecting the notion "that after-acquired evidence is a complete bar to any recovery by the former employee where the employer can show it would have fired the employee on the basis of the evidence."). Nonetheless, the Court made clear that after-acquired evidence could be relevant to the issue of damages in an ADEA case. *McKennon*, 513 U.S. at 361-62 ("as a general rule in cases of this type, neither reinstatement nor front pay is an appropriate remedy" and, regarding backpay, "[o]nce an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit.").

In light of *McKennon*, Plaintiffs correctly recognize that, "[i]f an employer is able to establish that after-acquired evidence exhibited misconduct that was serious enough to justify discharge and that it would have discharged the employee had it known of the misconduct, only then may after-acquired evidence be considered to limit (not bar) the amount of damages." ECF No. 62 at 2 (emphasis in original); *See also Perkins v. Silver Mountain Sports Club and Spa, LLC*, 557 F.3d 1141, 1145 (10th Cir. 2009) (in FMLA case, once employer establishes "that the wrongdoing was of such severity that the employee in fact would have been terminated on those

grounds alone if the employer had known of it at the time of the discharge[,] . . . after-acquired evidence may then be considered to limit the damages remedy available to the wrongfully terminated employee.") (quoting *McKennon*, 513 U.S. at 362-63).

In this case, Defendants seek leave to amend their answer to assert an after-acquired evidence affirmative defense based on information they became aware of in the course of conducting discovery in this matter and preparing for Ms. Coyne's deposition, which was held in December 2015. Defendants specifically allege that their review of emails sent and received by Ms. Coyne throughout the course of her employment revealed that Ms. Coyne "engaged in significant, protracted, and repeated instances of misconduct during her employment, by using her Laboratory computer and email account, while at work for LANS, to conduct business on behalf of her husband's private counseling business." Defs. Mot. at 2. In addition, Ms. Coyne allegedly used her Laboratory computer and email account to disclose the private, protected health information of her husband's counseling patients, without their consent, in violation of the Health Insurance Portability and Accountability Act (HIPAA). *Id.* During her deposition, Ms. Coyne admitted to sending and receiving the above emails. *Id.* Defendants contend that Ms. Coyne's misconduct would have warranted her termination had Defendant LANS been apprised of it during her employment.

Defendants have satisfied the Rule 15(a) standard for amending their answer to include the after-acquired evidence affirmative defense. As Plaintiffs acknowledged in their response brief, the after-acquired evidence—assuming Defendants can meet the required initial showing that Ms. Coyne engaged in wrongdoing so severe that it would have led to her termination—is relevant to the issue of damages in this action. Further, while Defendants must still make the initial showing necessary to admit this after-acquired evidence, Ms. Coyne's admission that she

5

engaged in at least some of the misconduct alleged demonstrates that Defendants' proposed affirmative defense is not futile as it pertains to damages. As such, Defendants, in the interest of justice, should be permitted to amend their answer to assert this defense.

Furthermore, Defendants have established good cause under Rule 16. "In practice, [the Rule 16 good cause] standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch*, 771 F.3d at 1240. For example, good cause may be established where new information is obtained through discovery. *Id.* Here, Defendants discovered the evidence in the course of preparing for Ms. Coyne's deposition and, as noted in their briefing, moved to amend six weeks after the deposition occurred. This is not a situation where the party seeking to amend was aware of the facts upon which the proposed amendment is based but then waited an unnecessarily lengthy period of time before moving to amend. As a result, the Court is not persuaded by Plaintiffs' arguments that Defendants have not provided an adequate explanation for their delay in seeking to amend their answer. *See Minter*, 451 F.3d at 1205, n. 4 (stating that good cause under Rule 16 requires the moving party to show that it has been diligent in attempting to meet the deadlines set forth in the scheduling order, "which means it must provide an adequate explanation for the delay").

Although Plaintiffs contend that they will be unduly prejudiced by the amendment because they will be unable to conduct discovery related to the after-acquired evidence, the Court notes that Defendants are not opposed to additional discovery targeted to this particular defense. *See* Defs. Reply at 6. Discovery closed in this matter on June 17, 2016. ECF No. 76. Nonetheless, discovery can be re-opened if necessary to prevent Plaintiffs from being unfairly prejudiced by the inability to engage in discovery on this topic. Chief Magistrate Judge Karen

Molzen will therefore hold a status conference in this matter to discuss what, if any, additional discovery is appropriate.

**D.  Conclusion**

Based on the foregoing analysis, Defendants' Motion for Leave to Amend their Answer (ECF No. 60) is hereby **granted**. Defendants may file an amended answer identical to the one submitted with their motion to amend no later than July 5, 2016.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**